UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROSANNA MORELLI,           )<br>                                       )<br>           Plaintiff          )<br>                                       )<br>   v.                              )<br>                                       )<br>STEVEN WEBSTER,          )<br>                                       )<br>           Defendant.      ) | Civil No. 2:07-cv-89-GZS |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Pursuant to Local Rule 16.4 of the U.S. District Court for the District of Maine, Plaintiff Rosanna Morelli submits this Pretrial Memorandum in anticipation of the pretrial conference with Magistrate Judge Rich, scheduled for March 4, 2009.

**I.      BRIEF FACTUAL STATEMENT OF CLAIMS AND DEFENSES.**

This case involves a claim of excessive use of force in violation of the Fourth Amendment to the United States Constitution and Article One, Section Five of the Maine Constitution.    Plaintiff brings this case under 42 U.S.C. §1983.  Plaintiff, while attempting to leave the scene of a police "sting" operation, was thrown into a wall by Defendant Webster, an officer assisting with the operation, who then held her with her shoulder in an agonizing position for a number of minutes.  Plaintiff never broke the law and was never placed under arrest, yet she suffered painful long-term injury at the hands of defendant.

On March 3, 2006, Ms. Morelli went to the Best Western Merry Manor Hotel in response to a call hiring her to perform as an exotic dancer for a man who claimed to be

1

staying at the hotel. Ms. Morelli became convinced (correctly) that this was not a legitimate performance and that the man was a police officer who was trying to induce her to break the law so that he might arrest her.

At that point, Ms. Morelli decided to leave the hotel. She took a twenty dollar bill from the stack of money that Officer McVane had provided for her, informing him that it was to cover her travel and lost time. She then picked up her coat and began to walk into the hallway. There were a number of police officers in the hallway at that point, including Defendant, who was one of the first officers in the hallway, and when one of them called out that she had taken police money, she returned the money to the police. Ms. Morelli then walking down the hotel hallway, attempting to peacefully exit the building. Defendant stood in the middle of the hallway, blocking Ms. Morelli's egress. None of the numerous other officers in the hallway at this point told Ms. Morelli to stop or made any effort to physically stop her. None of the other officers told Ms. Morelli that she was under arrest or that she was not free to leave.

When Ms. Morelli attempted to walk around the large and imposing defendant, she brushed against him. He reacted angrily, grabbing her right wrist, yanking her around, slamming her into a wall, and telling her "you're not going anywhere missy." Defendant held her against the wall for several minutes in an uncomfortable position, and the force of his grabbing and twising, has caused her lasting painful damage to her shoulder. Defendant was the only person who tried to prevent Ms. Morelli from leaving the hotel, and he was the only one who used force against her.

After a few minutes, Defendant took Ms. Morelli back to Room 203, where he questioned her without placing her under arrest and without informing her of her right to refuse to answer questions. Though the entire reason for the police presence at the Merry Manor Hotel that night was induce people to break the law so that they might be placed under arrest, Ms. Morelli was not placed under arrest for theft of police property or assaulting a police officer or any other crime Defendant may now claim justified his treatment of her.

After Ms. Morelli was finally allowed to leave the hotel, she went home to Westbrook. By the time she arrived home, she was in severe pain—her hand and arm were bruised, and her hand, arm, and shoulder were in severe pain. Ms. Morelli called the South Portland Police Department and told a dispatcher what had happened. The dispatcher called an ambulance for Ms. Morelli, and the ambulance took Ms. Morelli to the emergency room. Ms. Morelli was referred to a specialist, who diagnosed her with a torn rotator cuff.

Plaintiff seeks compensatory damages pursuant to 42 U.S.C. §1983 and the Maine Civil Rights Act, as well as reimbursement of litigation costs and attorney fees.

**II.     CONTROVERTED POINTS OF LAW**

   1. *Admissibility of prior criminal acts.* At her deposition, Ms. Morelli testified that she had been convicted of engaging in prostitution in 2002, and convicted of promoting prostitution in 1987. Ms. Morelli's criminal history should not be admitted at trial. Neither offense is punishable by a term of imprisonment of more than one year, and the offense of promoting

prostitution is more than 20 years old. Moreover, the admission of these convictions would be unduly prejudicial to Ms. Morelli, and have no relevance to her claim of excessive force in violation of the United States and Maine constitutions.

2. *Admissibility of interaction between Ms. Morelli and Officer McVane*: Because judgment on Ms. Morelli's illegal seizure claim already has been rendered, the interaction between Ms. Morelli and Officer McVane, who was acting as the "john" in the sting operation, is irrelevant to this matter, and none of the conduct should be admitted at trial. Plaintiff proposes that the parties reach an agreement as to a limited statement of background, such as the following: Plaintiff, who worked as an exotic dancer, reponded to a call at the Merry Manor in South Portland on March 6, 2006. The call was part of a prostitution sting operation being run that night, at which Defendant was present. Plaintiff did not commit any act of prostitution during the sting.

### III.  PROPOSED STIPULATIONS

Plaintiff proposes that the parties enter into the following stipulations:

1. Copies may be used in lieu of originals at trial.

### IV.  WITNESSES

The following is Plaintiff's Proposed Witness List. Plaintiff reserves the right to call unlisted rebuttal and impeachment witnesses, as provided by Local Rule 16.4(b), as

well as any and all witnesses identified by Defendant in its pretrial memorandum.  In the event that witnesses are unavailable, testimony may be introduced through deposition testimony pursuant to Rule 804(b)(1) of the Federal Rules of Evidence

1. Rosanna Morelli, 38 Hillside Road, Westbrook, ME 04092

2. Dr. James Kuhn, Maine Orthopaedics, 1601 Congress Street, Portland, ME  04102

3. Sgt. Steven Webster, South Portland Police Department, 30 Anthoine Street, South Portland, ME 04106

4. Lt. Frank Clark, South Portland Police Department, 30 Anthoine Street, South Portland, ME 04106

## V.     **EXHIBITS**

The following is a list of potential exhibits that Plaintiff may seek to introduce as evidence at trial.  Plaintiff also reserves the right to introduce in evidence some or all of the exhibits listed on Defendant's proposed exhibit list.  Plaintiff also reserves the right to introduce as an exhibit any document that has been produced by either party during the course of discovery.  Plaintiff further reserves the right to supplement her exhibit list in response to exhibits listed on Defendant's proposed exhibit list.  Finally, Plaintiff reserves the right to supplement her exhibit list to include summaries, charts, or illustrative aids that she or her witnesses may develop.

1. Medical/other records regarding Plaintiff's physical injuries caused by Defendant, including medical bills

2. Statements made during the course of the South Portland Police Department's investigation of Plaintiff's complaint

Dated: February 25, 2009.

/s/ Zachary L. Heiden

MAINE CIVIL LIBERTIES UNION FOUNDATION
401 Cumberland Avenue, Suite 105
Portland, Maine 04101
(207) 774-5444

/s/ Barbara L. Goodwin

MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104-5085
(207) 773-5651

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROSANNA MORELLI, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>STEVEN WEBSTER, )<br>)<br>Defendant. ) | Civil No. 2:07-cv-89-GZS |

### CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2009, I electronically filed the following document(s):

1) PLAINTIFF'S PRETRIAL MEMORANDUM

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

EDWARD BENJAMIN – ebenjamin@thompsonbowie.com

and I hereby certify that on February 25, 2009, I mailed by U.S. Postal Service, the document(s) to the following non-registered participants:

None.

Dated: February 25, 2009

/s/ Barbara L. Goodwin
Counsel for Plaintiff Rosanna Morelli

MURRAY, PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104-5085
(207) 773-5651